**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 JAN 11 AM 11:29
CLERK C Reynold
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| LEE STUART GUEST, Individually and on Behalf of All Persons Similarly Situated, | * * * * | |
| Plaintiffs, | * | CV 202-142 |
| VS. | * * | |
| CHARLES "CHUNK" JONES, et al., | * * | |
| Defendants. | * | |

### O R D E R

By this Court's Order of November 23, 2005, Plaintiff's counsel was given fifteen days within which to show why the captioned case should not be dismissed for lack of a class representative and Plaintiff Lee Stuart Guest's apparent lack of standing. Counsel had previously moved to re-open the instant case, which originally involved the conditions of the old McIntosh County Jail, instead of filing a new complaint regarding the allegedly inadequeate conditions at the new McIntosh County Jail. In doing so, counsel purported to represent Plaintiff Guest, whose whereabouts were unknown at the time of filing the motion to re-open.

Plaintiff's counsel has now filed a response to the November 23rd Order through which he represents that he has now

DHB (34)                                                                CCC:

contacted Plaintiff Guest and that Plaintiff Guest wishes to pursue the case as the representative of a class defined as: "[A]ll persons who are, have been, and will be confined in the McIntosh County Jail under conditions which violate their rights under the . . . United States Constitution . . . ." Plaintiff Guest is presently out of jail and gainfully employed.

The issue now before the Court is whether Plaintiff's claims of unconstitutional jail conditions at the new McIntosh County Jail should be permitted to travel under the instant style of the case, and consequently, whether Plaintiff Guest may act as a class representative since he is no longer an inmate in the jail. In essence, the issue is one of mootness.[1] An action is moot where the parties lack a personal stake in its outcome. Rocky v. King, 900 F.2d 864, 867 (5th Cir. 1990) (cited source omitted). Further, the proposed class representative must have a personal stake in the outcome of the case at the time the district court rules on class certification. Tucker v. Phyfer, 819 F.2d 1030, 1033 (11th Cir. 1987).

---

[1] While this Court originally framed its inquiry in terms of standing, "[m]ootness is merely 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Tucker v. Phyfer, 819 F.2d 1030, 1035 n.6 (11th Cir. 1987) (quoted source omitted).

In his response to the November 23rd Order, Plaintiff Guest implicitly concedes that he no longer has a substantive claim in the case; however, he argues that an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim. Plaintiff cites the case of United States Parole Comm'n v. Geraghty, 445 U.S. 388 (1980), for the proposition that he may continue to litigate the case because he retains a "personal stake" in obtaining class certification sufficient to assure a justiciable controversy under Article III of the United States Constitution.

Plaintiff's proposed application of the Geraghty holding to the instant case compels a reading of that case too broad to accept. In Geraghty, the Supreme Court reviewed the question of whether a named plaintiff could maintain a challenge to the denial of class certification *on appeal* after his personal claim had become moot. Id. at 390. The named plaintiff had brought a class action challenging the validity of certain parole guidelines but had been released from prison while his appeal from the denial of class certification was pending. Id.

The Geraghty Court ruled that the named plaintiff retained a personal stake in his procedural claim, specifically his right to represent a class. Id. at 402-04.

3

The Supreme Court held that notwithstanding the fact that the named plaintiff's claim on the merits expired during the appeal of the case, "[t]he question whether class certification was appropriate remain[ed] as a concrete, sharply presented issue" on appeal.[2]  Id. (citing Sosna v. Iowa, 419 U.S. 393 (1975) (recognizing that a named plaintiff whose claim on the merits expires *after* class certification may still adequately represent the class).

It was highly significant to the Supreme Court in Geraghty that the named plaintiff's individual claim became moot *after* the denial of class certification.  Indeed, the Court stated: "If the named plaintiff has no personal stake in the outcome at the time class certification is denied, relation back of appellate reversal of that denial would not prevent mootness of the action."  Id. at 404 n.11.

The Eleventh Circuit has addressed the applicability of Geraghty under circumstances in which the named plaintiff's claim becomes moot prior to a ruling on class certification.  In Tucker v. Phyfer, 819 F.2d 1030 (11th Cir. 1987), a plaintiff, who was incarcerated in a county jail, filed an

---

[2] The Court was careful to point out that its holding did not reach the issue of whether the named plaintiff was a proper class representative. Geraghty, 388 U.S. at 407.  the Court held only that the named plaintiff was "a proper representative for the purpose of appealing the ruling denying certification of the class that he initially defined." Id.

4

action against the county sheriff and various other officials claiming that they were confining him and other juveniles under unlawful conditions. Two years later, when he had already been released from jail and was no longer subject to incarceration as a juvenile, he moved for class certification. The Eleventh Circuit affirmed the district court's denial of the motion as moot, distinguishing <u>Geraghty</u> on the basis that the plaintiff moved to certify the class *after* his claim had become moot. <u>Id.</u> at 1035.

In the present case, Plaintiff Guest's individual claim became moot *before* the denial of class certification; indeed, the issue of class certification has never been addressed in this case and is not pending before the Court. Thus, Plaintiff Guest retains no personal stake in the issue of class certification as such is delineated by the <u>Geraghty</u> Court. That is, because Plaintiff Guest will not have a personal stake in the outcome of the action at the time that class certification will be addressed, the case is moot. <u>Accord</u> <u>Tucker v. Phyfer</u>, 819 F.2d at 1035; <u>Rocky v. King</u>, 900 F.2d at 868 and cases cited therein.

In the instant case, Plaintiff Guest cites one other exception to the general rule that a named plaintiff must have a personal stake in the outcome of the case at the time the district court rules on class certification. The exception is

5

known as the "capable of repetition, yet evading review" doctrine. See Gerstein v. Pugh, 420 U.S. 103, 110-11 n.11 (1975). Under this exception to the mootness rules, a district court may decide an outstanding class certification motion even though the named plaintiff no longer has a substantive claim.

In Gerstein v. Pugh, however, the named plaintiffs challenged pre-trial detention conditions. The Supreme Court found their claims to be so inherently transitory that the trial court would not have enough time to rule on a motion for class certification before the named plaintiffs' interests expired. Id. By contrast, the instant case does not involve pre-trial detainees. Indeed, the Eleventh Circuit held that the juvenile who challenged the conditions of confinement in a county jail in the Tucker case did not present a claim "capable of repetition, yet evading review." Tucker, 819 F.2d at 1035; see also Inmates of Lincoln Intake & Detention Facility by Windes v. Boosalis, 705 F.2d 1021, 1024 n.2 (8th Cir. 1983) (distinguishing Gerstein because the class claims in Boosalis involved those of both pretrial detainees *and* convicted felons). I am bound by Tucker to find that Plaintiff's claims in the instant case are also not "capable

of repetition, yet evading review."[3]  Accordingly, I find Gerstein v. Pugh to be inapposite as well.

In conclusion, the mere fact that Plaintiff Guest used to have a controversy with Defendants in this case cannot confer upon him a valid, never-ending right to represent the proposed class.  Rather, Plaintiff Guest lacks standing to represent the class in that his claims have become moot.

Finally, Plaintiff comments in passing in his response that it is uncertain whether counsel for Plaintiff can successfully prosecute this action if he were made to file a new case.  (Pl.'s Resp. at 5.)  Yet, he has not presented any argument or reason as to why this would be true.  In fact, it is admitted in the preceding paragraph that a new action could have been filed.  (Id.)  Accordingly, I find no merit in this argument.

Upon the foregoing, **IT IS ORDERED** that this case be **DISMISSED** because it has become moot.

**ORDER ENTERED** at Augusta, Georgia this 11th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[3] To the extent that Plaintiff insinuates in his response that Defendant Jones is transferring possible civil rights litigants out of the McIntosh County Jail to cause their claims to become moot (see Pl.'s Resp. at 4), such claim is unsupported by any evidence in the record.